**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Case No. 14-cv-00967-RM-KMT

SOLERA NATIONAL BANCORP, INC.,

    Plaintiff,

v.

MICHAEL D. QUAGLIANO,
LARS JOHNSON,
JACKSON LOUNSBERRY,
CARLYLE F. GRIFFIN,
DREW QUAGLIANO, and
MELISSA ALLEN,

    Defendants.

---

**ORDER ON
AMENDED MOTION OF PLAINTIFF SOLERA NATIONAL BANCORP, INC.
FOR REMAND PURSUANT TO 28 U.S.C. § 1447 (ECF NO. 22)**

---

THIS MATTER is before the Court on the Amended Motion of Plaintiff Solera National Bancorp, Inc. for Remand Pursuant to 28 U.S.C. § 1447 ("Motion") (ECF No. 22). Upon consideration of the Motion and related filings, the Court file, and the applicable rules and law, the Motion is granted to the extent and for the reasons stated herein.

## I.  BACKGROUND

Plaintiff filed this action in the District Court, Jefferson County, Colorado seeking declaratory relief based on Defendant Michael D. Quagliano's alleged failure to comply with Plaintiff's bylaws concerning advance notice governing proposed nominees for election as directors. Defendant Quagliano and the other defendants are the proposed nominees. According

to Plaintiff's Complaint, the bylaws contain provisions specifying the contents of the notice and require, among other things, any information related to a nominee that would be required to be disclosed under SEC Regulation 14A. Plaintiff alleged that Defendant Quagliano's purported notice failed to provide the information required under Regulation 14A. Accordingly, Plaintiff seeks a declaration that all defendants cannot stand for election as directors due to the failure to provide notice to Plaintiff in accordance with such bylaws and, if elected, such election would be invalid.

By Notice of Removal dated April 3, 2014, Defendant Quagliano removed the state court action to this Court alleging federal question jurisdiction. Plaintiff's Motion seeking remand followed.

## II. ANALYSIS

Congress has authorized the federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For statutory purposes, a case "aris[es] under" federal law in two ways: when federal law creates the cause of action asserted or in a "special and small category" of state law cases. *Gunn v. Minton,* 133 S.Ct. 1059, 1064 (2013); *Grable & Sons Metal Prod., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). In this latter category of cases, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 133 S.Ct. at 1065; *see Grable,* 545 U.S. at 313-314. There is a presumption against finding federal jurisdiction. *Devon Energy Prod. Co. v.*

2

*Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012).  The burden of proving jurisdiction lies with the party asserting it exists.  *Id.*

Applying this analysis to the case at issue shows Plaintiff's action does not arise under the federal securities law, under either the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, or Rule 14a, 17 C.F.R. § 240.14a-1 *et seq.*  Plaintiff's cause of action asserted is not created under federal law.  Its action seeks to determine – and declare – that the notice at issue violated its bylaws.  It is neither claiming liability under the federal securities laws nor seeking a remedy created thereunder.  And, contrary to Defendant Quagliano's assertion, this case does not fall within that "special and small category" of cases which are considered to arise under federal law for purposes of federal question jurisdiction.

First, starting with "necessarily raised," the resolution of what is required under Rule 14a is "necessary" to Plaintiff's claim as its bylaws referred to such rule as a shorthand method for describing the information required in its notice. (Complaint, ¶13.)  Plaintiff essentially concedes this point. (ECF No. 22, page 8.)

Next, it is apparent that whether the information required under Rule 14a was provided is "actually disputed."  However, in this case, the inquiry does not end here.  What is not clear is does the dispute involve whether the information at issue was required or whether it was not provided, or both.  If the only issue is whether it was provided, or accurately provided, that would not involve a dispute over the meaning of Rule 14a and, therefore, no dispute over the interpretation or application of federal law.  As such, Rule 14a *itself* would not "actually [be] disputed."  *Grable,* 545 U.S. at 315 n.3 (discussing *Shulthis v. McDougal*, 225 U.S. 561 (1912)

where Supreme Court found no federal question jurisdiction as federal statutes on which title depended were not disputed respecting their validity, construction, or effect).

Third, "the federal issue in this case is not substantial in the relevant sense," *i.e.,* to the federal system as a whole. *Gunn,* 133 S.Ct. at 1066. Assuming the resolution of Plaintiff's claim would involve a contested federal issue on the interpretation of Rule 14a in the context of determining what is required in its bylaws, any decision by a state court would not be controlling in future cases as to what Rule 14a means or requires. And any potential error by a state court in interpreting state law is not, by itself, sufficient to trigger a federal court's jurisdiction. *See Gunn,* 133 S.Ct. at 1068.

Finally, the fourth requirement "is concerned with the appropriate balance of federal and state judicial responsibilities." *Id.* (quotation omitted). Here, in the absence of a substantial federal issue, and in light of a state court's capable abilities to resolve issues of corporate governance, *see Santa Fe Indus., Inc. v. Green,* 430 U.S. 462, 479 (1977) (recognizing corporations are creatures of state law, and except where federal law expressly applies, state law governs corporation's internal affairs), the issue of whether there has been compliance with Plaintiff's bylaws is not capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Accordingly, this requirement is also not met.

### III.  CONCLUSION

For the reasons stated, Defendant Quagliano has failed to establish federal question jurisdiction and sustain his burden of proof. Accordingly, Plaintiff's Motion is granted as to its request to remand and this case is remanded to the District Court, Jefferson County, Colorado.

Plaintiff's request for an award of attorney's fees and costs under 28 U.S.C. § 1447 (c), however, is denied. It is therefore

ORDERED that Plaintiff's Motion is GRANTED in that this action is hereby remanded to the District Court, Jefferson County, Colorado and DENIED as to its request for attorney's fees and costs.

DATED this 19th day of May 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge